

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| LOUIS NESPECA,          § | |
| Plaintiff,               § | |
| § | |
| vs.                      § | CIVIL ACTION NO. 7:15-00222-MGL |
| § | |
| DUKE ENERGY CAROLINAS LLC, § | |
| Defendants.              § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

This is a negligence and breach of contract action. The Court has jurisdiction over the matter under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Pending before the Court is Defendant Duke Energy Carolinas LLC's motion for summary judgment, ECF No. 47. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court that Defendant's motion will be granted.

**II.    FACTUAL AND PROCEDURAL HISTORY**

This action arose out of an incident on or about February 24, 2013, where Plaintiff Louis Nespeca suffered damage to his property located at 420 John High Road, Campobello, South Carolina, in Spartanburg County. ECF No. 47-1 at 1; ECF No. 49 at 1. Defendant provides electrical services to Plaintiff and owns a right-of-way across a portion of Plaintiff's property, on

which it owns and maintains two electric transmission lines. ECF No. 47-1 at 1-2. During the time leading up to the incident, Plaintiff engaged in and allowed skeet shooting on his property, and permitted his neighbors and friends to hunt on his property. *Id.* at 2.

On February 24, 2013, Plaintiff discovered that one of Defendant's transmission lines was severed and had fallen across his property, setting on fire the surrounding grass and severely damaging the galvanized wire fencing surrounding Plaintiff's horse pasture. *Id.*; ECF No. 49 at 1. The downed line created a brush fire that burned a significant portion of Plaintiff's pasture and the woods surrounding the pasture. ECF No. 49 at 1-2. Plaintiff also later found that the fire caused a power surge that damaged several electrical appliances in and around Plaintiff's home, specifically Plaintiff's well pump, hot water heater, flat screen television, refrigerator, and heat pumps and air handlers. *Id.* at 2. Further, due to the fire, Plaintiff was unable to pasture cattle, which he had previously arranged to purchase. *Id.*

Plaintiff subsequently notified Defendant of his claim for damages. *Id.* Defendant conducted an investigation of the incident, and Defendant's reviewing experts determined that the transmission line was struck and immediately severed by a bullet. ECF No. 47-1 at 3. Defendant's reviewing experts also concluded that, at the time of the incident, both of Defendant's transmission lines crossing Plaintiff's property complied with all applicable electric utility industry standards, namely the National Electrical Safety Code (NESC). *Id.* at 3; *see* S.C. Code Ann. Regs. 103-361. Consequently, Defendant denied responsibility for failure of the transmission line and all of the damage that resulted from it.

Plaintiff presented evidence that Defendant's transmission lines over his property are made of copper, which is no longer the industry standard, and were installed in approximately 1917-1918.

ECF No. 49 at 7.  Additionally, although Defendant maintained that it visually inspects its transmission lines twice a year via helicopter, *id.*, during the deposition of one of Defendant's experts, the expert could not identify when any such aerial inspections had specifically taken place on the subject transmission line, *id.* at 8.  Further deposition testimony revealed that employees and agents of Defendant had witnessed other incidents where transmission lines were severed by gunshots.  *Id.*  Finally, Defendant claims the gunshot immediately severed the transmission line, but one of Defendant's employees admitted in his deposition testimony that it is possible that the bullet from the gunshot hit the transmission line some period of time prior to the actual severing of the line.  *Id.* at 10-11.  However, this employee also insisted that the bullet from the gunshot severed the transmission line at issue on the day of the incident, February 24, 2013.  *Id.* at 11.

Plaintiff initiated this lawsuit in the Court of Common Pleas for Spartanburg County on December 12, 2014, and Defendant removed the action to this Court on January 16, 2015.  ECF No. 1.  Plaintiff filed an Amended Complaint on January 28, 2015, wherein he alleges four causes of action against Defendant: (1) breach of contract; (2) negligence; (3) negligent misrepresentation; and (4) violation of the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. § 39-5-10.  ECF No. 12.

Defendant filed its motion for summary judgment on March 10, 2016.  ECF No. 47.  Plaintiff filed his response in opposition on March 28, 2016, ECF No. 49, and Defendant filed its reply on April 5, 2016, ECF No. 51.  The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motion.

**III.    STANDARD OF REVIEW**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be

drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### IV.    CONTENTIONS OF THE PARTIES

Defendant argues that Plaintiff's causes of action alleging breach of contract, negligent misrepresentation, and violation of the SCUTPA must fail as a matter of law. ECF No. 47-1 at 12-17. Moreover, Defendant propounds that Plaintiff's negligence claim fails because the undisputed evidence establishes that the transmission line was severed by the wrongful, potentially criminal actions of a third party. *Id.* at 4. To that end, Defendant asserts that it owed no duty to Plaintiff because it had no obligation to protect him from the criminal or negligent actions of third parties. *Id.* at 5-7. Even if Defendant owed Plaintiff a duty, Defendant avers that Plaintiff cannot establish that Defendant breached any duty to Plaintiff. *Id.* at 7-8. Further, Defendant contends that it cannot be liable for the severing of the transmission line and subsequent damage to Plaintiff's property because the criminal or negligent actions of a third party in shooting and severing the transmission line constitute a superseding and intervening cause sufficient to break the chain of causation. *Id.* at 8-11.

In his response, Plaintiff stipulates to the dismissal of his breach of contract, negligent misrepresentation, and violation of the SCUTPA causes of action. ECF No. 49 at 12. Therefore, the only claim that remains is Plaintiff's negligence claim.

Plaintiff urges that Defendant owed a duty to him to inspect and maintain its transmission lines. *Id.* at 4-6. Plaintiff also declares that there is a question of fact as to whether Defendant breached its duty to Plaintiff under the totality of the circumstances. *Id.* at 7-8. Additionally, Plaintiff insists that the severing of the transmission line by a third party is foreseeable and should not sever the chain of causation, and Defendant should thus be liable for the damage Plaintiff suffered. *Id.* at 8-11. The Court will consider each of Plaintiff's claims seriatim.

## V.     DISCUSSION AND ANALYSIS

### A.     Plaintiff's Breach of Contract, Negligent Misrepresentation, and Violation of the SCUTPA Claims

As noted above, Plaintiff agrees and stipulates to the dismissal of his breach of contract, negligent misrepresentation, and violation of the SCUTPA claims. *Id.* at 12. Therefore, the Court will grant Defendant's motion for summary judgment as to these three claims.

### B.     Plaintiff's Negligence Claim

"To establish a cause of action for negligence, a plaintiff must show three elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damage proximately resulting from the breach of duty." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 588 (S.C. 2003). "If the plaintiff fails to prove any one of these elements, the action will fail." *Vinson v. Hartley*, 477 S.E.2d 715, 720 (S.C. Ct App. 1996). "The court must determine, as a matter of law, whether the law recognizes a particular duty." *Hurst v. E. Coast Hockey League, Inc.*, 637 S.E.2d 560, 562 (S.C. 2006). "If there is no duty, then the defendant in a negligence action is entitled to judgment as a matter of law." *Id.*

Here, Defendant maintains that it did not owe Plaintiff a duty to protect him from harm inflicted by a third party, namely the shooting and severing of the transmission line. ECF No. 47-1 at 5-7. Although Defendant is correct that South Carolina law establishes that "a person ordinarily has no duty to protect another from a harm inflicted by a third party," *Burnett v. Family Kingdom, Inc.*, 691 S.E.2d 170, 174 (S.C. Ct. App. 2010), Defendant has misconstrued the duty owed to Plaintiff in this case.

Under South Carolina law, Defendant owes Plaintiff a duty "to exercise a very high degree of care in [its] construction, repair, inspection and maintenance [of its electric wires] to prevent injury to others." *Weeks v. Carolina Power & Light Co.*, 153 S.E. 119, 123 (S.C. 1930) (internal quotation marks omitted). Further, "[a]n electric company is bound to use due diligence to receive information as to the condition of its wires, and failure to use due diligence in this respect would constitute negligence." *Id.* (internal quotation marks omitted). Therefore, Defendant owes Plaintiff a duty to construct, repair, inspect, and maintain its electrical wires to prevent injury, independent of the fact that Defendant owes Plaintiff no duty to protect him from harm caused by a third party.

Moving on to the second element Plaintiff must prove to prevail on his negligence claim, Defendant stresses that Plaintiff has failed to create a genuine issue of material fact as to whether Defendant breached its duty to Plaintiff. ECF No. 47-1 at 8. On the contrary, Plaintiff avouches that the Court should use a totality of the circumstances approach to determine whether Defendant breached its duty. ECF No. 49 at 6-7. Plaintiff cites *Campbell v. Duke Energy Carolinas, LLC*, No. 6:11-03496-TMC (D.S.C. June 5, 2013), for the proposition that although compliance with all the applicable electric utility industry standards "would certainly evidence a lack of negligence,"

whether a defendant "breached its duty of care, and the extent and nature of that duty, depends on the totality of the circumstances." *Id.* at *3.

Under that totality of the circumstances approach, Plaintiff suggests that the question whether Defendant breached its duty to Plaintiff should be presented to the jury. ECF No. 49 at 7. Plaintiff notes that Defendant's transmission lines over his property are made of copper, which is no longer the industry standard, and were installed in approximately 1917-1918. *Id.* Additionally, Defendant visually inspects its transmission lines twice a year via helicopter. *Id.* Plaintiff points to testimony of Defendant's agents and employees showing that Defendant could not identify when any such aerial inspections had specifically taken place on the subject transmission line. *Id.* at 8. Further testimony reveals that employees and agents of Defendant have witnessed other transmission lines that have been hit by gunshots. *Id.* Finally, whereas Defendant claims that the gunshot immediately severed the transmission line, Plaintiff highlights the testimony of one of Defendant's employees wherein he admits that it is possible that the bullet from the gunshot hit the transmission line some period of time prior to the actual severing of the line, although this employee insisted that the bullet from the gunshot severed this transmission line on the day of the incident. *Id.* at 10-11.

However, Plaintiff's suggestion that the Court use a totality of the circumstances approach to determine whether Defendant breached its duty to Plaintiff is misguided. Under South Carolina regulations, the NESC establishes the "minimum standards of accepted good engineering practice." S.C. Code Ann. Regs. 103-361. Defendant presented evidence from its experts that the two transmission lines over Plaintiff's property complied with all applicable requirements of the NESC. ECF No. 47-11 at 5. In contrast, Plaintiff neglected to produce any evidence establishing a breach of Defendant's duty. Notably, Plaintiff retained Frank Gusky, P.E., a well-qualified utility expert,

but Mr. Gusky failed to identify any electric utility industry standards that Defendant violated. ECF No. 47-1 at 8; ECF No. 47-9 at 3.

In a case not dissimilar to the instant action, the Fourth Circuit affirmed the district court's award of summary judgment where the plaintiff failed to create a genuine issue of material fact as to the defendant's violation of the applicable standard of care. *Raby v. Carolina Power & Light*, 814 F.2d 655 (4th Cir. 1987) (per curiam). In *Raby*, the defendant presented evidence that it conformed to the applicable standard of care—the NESC and rules and regulations approved by the South Carolina Public Service Commission—and that it was not negligent. *Id.* at *3. The plaintiff's only contrary evidence consisted of a conclusory affidavit that failed to cite any of the applicable industry standards, and the court found that the trial court properly granted summary judgment because the plaintiff failed to show a breach of duty by the defendant. *Id.* at *4. The court specifically noted that "where the affidavit itself cites no authority, relies entirely on the conclusory statements of the affiant, and does not, in fact, deal with, or even mention, the two publications setting out appropriate standards of care for such a temporary electric services line," the plaintiff failed to establish a genuine dispute of material fact sufficient to survive summary judgment. *Id.*

Likewise, Plaintiff has failed to present any evidence identifying any relevant electric utility industry standard that Defendant purportedly violated. Plaintiff argues to no avail that expert testimony is not required to prove negligence in this case because allegedly lay persons would possess the knowledge and skill to determine the matter at issue. ECF No. 49 at 11. However, the Court agrees with Defendant that the proper operation and maintenance of a high voltage electric transmission line is not a subject that lay persons would possess the requisite knowledge of and skill necessary to determine whether Defendant violated any of the industry standards under the NESC.

9

ECF No. 51 at 4. Plaintiff needed, but failed to provide, expert testimony regarding whether Defendant breached the standard of care under the NESC, and the failure to rebut Defendant's evidence of compliance with its duty under the NESC is fatal to Plaintiff's negligence claim.

In this regard, the Court disagrees with Plaintiff's interpretation of *Campbell*, as that court's determination that the totality of the circumstances applied to whether the defendant breached its duty was largely contingent on the specific facts of that case, namely the required height of the conductor at issue under the NESC. No. 6:11-03496-TMC at *2-3. The court particularly noted that "compliance with the NESC would certainly evidence a lack of negligence on [the defendant's] part," and the reason it denied summary judgment stemmed from the fact that the plaintiff was able to demonstrate a genuine issue of material fact as to whether the defendant had met the NESC regulations regarding the height of the conductor. *Id.* at *3.

On the other hand, Plaintiff has failed to present any evidence that Defendant failed to comply with the NESC regulations and consequently breached its duty to Plaintiff. Rather, Plaintiff seeks to survive summary judgment through speculation that the gunshot could have been fired long before the transmission line was severed, allegedly giving Defendant time to inspect and discover the damage, notwithstanding Defendant's evidence from its experts insisting that the line severed immediately following the gunshot, ECF No. 51 at 7. Plaintiff has neglected to provide any evidence to the contrary. As observed above, Plaintiff "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another," *Beale*, 769 F.2d at 214, and "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion," *Ennis*, 53 F.3d at 62. Therefore, because Plaintiff has failed to present any evidence that Defendant failed to comply with the NESC regulations, and because Plaintiff relies on mere speculation as to

when the gunshot damaging the transmission line may have occurred, the Court will grant Defendant's motion for summary judgment as to Plaintiff's negligence claim as well. Moreover, even if Plaintiff had presented evidence that Defendant neglected to comply with the NESC regulations, Plaintiff has failed to show that Defendant's breach of duty proximately caused the damage Plaintiff suffered.

As explained above, if a plaintiff fails to prove any one of the elements of a negligence action, the action will fail. *Vinson*, 477 S.E.2d at 720. Given that these holdings are dispositive of the case, the Court need not address the parties' remaining arguments.

## VI.   CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 12th day of April, 2016, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE